UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| DARNELL WESLEY MOON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:15CV197 ACL |
| | ) | |
| FEDERAL BUREAU OF INVESTIGATIONS, | ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks leave to proceed in forma pauperis in this civil action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). The motion is granted.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

## Discussion

Plaintiff brings this action for judicial review of a request for documents under FOIA. He says that he requested a copy of a file relating to an investigation at USP Terre Haute that was conducted while he was imprisoned there.

Plaintiff alleges that the FBI acknowledged receipt of his request and assigned it a 2015 claim number. He does not state that the FBI provided him with a decision, and he does not state whether he exhausted administrative remedies from a denial of his request.

Before bringing a FOIA claim in federal court, a plaintiff must have exhausted the available administrative remedies. *E.g., Brumley v. U.S. Dept. of Labor*, 767 F.2d 444, 445 (8th Cir. 1985). Additionally, to properly plead a case under FOIA, a plaintiff must allege in his complaint that "he exhausted his remedies under FOIA." *Scherer v. Balkema*, 840 F.2d 437, 443 (7th Cir. 1988). "In the absence of such an allegation, he states no claim upon which relief can be granted." *Id.* Because he has not alleged that he has exhausted available administrative remedies, the complaint fails to state a claim upon which relief can be granted. As a result, this action is dismissed under 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed separately.

Dated this 24th day of November, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE